# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 09cr4498 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |
| v. | |
| MARSHALL RAY GLOVER, | |
| Defendant. | |

In an opposed motion, Defendant Marshall Ray Glover ("Defendant") moves to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2). For the reasons set forth below, the court denies the motion for reduction of sentence.

## BACKGROUND

On December 16, 2009, the United States filed a six-count indictment charging Defendant with: Count One—Conspiracy to Distribute Methamphetamine (200 gr. actual), in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Counts Two (6.4 gr. actual), Three (22.5 gr. actual), Four (54.5 gr. actual) and Five (22.6 gr. actual)-- Distribution of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On October 28, 2010, Defendant pled guilty to Counts Two, Three and Five of the six-count Indictment. On January 21, 2011, the Court sentenced Defendant to 92 months custody and 4 years supervised release on each count to run concurrently. To arrive at this sentence, the Court calculated a base offense level of 32, based upon Defendant's distribution of at least 50 grams but less than 150 grams of actual

methamphetamine. The Court then reduced the base offense level to 30 pursuant to §2D1.1(a)(3)(B)(i), reduced 2 levels for role, and then reduced 3 levels for acceptance of responsibility, before arriving at a total offense level of 25. Defendant's Criminal History Category VI resulted in a guideline range of 110-137 months. Then, under §5K2.0, the court further departed downward, arriving at a sentence of 92 months, the equivalent of approximately 2 levels. On February 3, 2015, Defendant filed a petition to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

## DISCUSSION

**Legal Standard**

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, one exception to the general rule permits the district court to modify an imposed sentence where the sentencing guideline range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. §3582(c)(2). Section 3582(c)(2) requires a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826 (2010). First, the district court must determine that a modification is consistent with applicable policy statements issued by the Sentencing Commission, namely U.S.S.G. § 1B1.10. Then, and only then, does the district court go on to the second step of considering the factors set forth in 18 U.S.C. § 3553(a) and deciding in its discretion whether the authorized reduction is warranted. Id. at 827.

Amendment 782 to the United States Sentencing Guidelines revised the guidelines applicable to drug-trafficking offenses by reducing the base offense levels by two levels for most drug offenses listed in the Drug Quantities Tables at U.S.S.G. §§ 2D1.1 and 2D1.11. See U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014); see also U.S.S.G. § 1B1.10(d), (e)(1) (making Amendment 782 apply retroactively to previously-sentenced defendants). When determining whether a reduction is warranted, the district court must determine what the defendant's advisory guideline range would be under the amendment. In doing so, the district court "shall substitute only the amendments . . . for the corresponding guideline provisions that

were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). Eligibility for a § 3582(c)(2) reduction is triggered only if an amendment lowers the "applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance )." Id. cmt. n.1(A) (second emphasis added).

The court is not authorized to reduce a defendant's term of imprisonment if an amendment does not have the effect of lowering the defendant's applicable guideline range. Id. § 1B1.10(a)(2)(B), cmt. n. 1(A). The court also cannot reduce the defendant's sentence lower than the low end of the amended guideline range. Id. cmt. n.3. The only exception is if the defendant received a downward departure based on substantial assistance to the government, in which case the court may reduce the defendant's sentence below the low end of the amended guideline range by a comparable percentage. Id.

**Application of Amendment 782**

At the time of the original sentencing, the court applied a Base Offense Level of 32, using the applicable version of the §2D1.1 Drug Quantity Table, based upon 50 to 150 grams of actual methamphetamine, and then reducing 2 additional levels under §2D1.1(a)(5)(B)(i), resulting in an offense level of 30. As this is the same base level as the current guideline range (before other applicable reductions), Defendant is not entitled to a further reduction in his sentence.[1] Accordingly, the court concludes that a reduction under 18 U.S.C. §3582(c)(2) and USSG §1B1.10 is not warranted.

The court also rejects Defendant's request to strike and not to consider the Government's response to this motion because the response was filed late. The court denies this request because Defendant cannot demonstrate any prejudice (Defendant

---

[1] A 2 level reduction is no longer available to reduce the base offense level under §2D1.1(a)(3)(B)(i).

is not entitled to relief as a matter of law).

In sum, the motion for reduction of sentence pursuant to Amendment 782 is denied.

**IT IS SO ORDERED.**

DATED: April 26, 2016

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties